IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIUS LAWSON,

                Petitioner,                OPINION AND ORDER

    v.

                                                  19-cv-469-wmc

MATTHEW MARSKE,

                Respondent.

---

Julius Lawson is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction for aiding and abetting the use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The petition before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, the court may dismiss a petition if it plainly appears that the petition is not entitled to relief. Since Lawson is essentially seeking to re-litigate a challenge to this conviction already addressed by both the district court of his underlying conviction and the Court of Appeals for the Seventh Circuit, his § 2241 petition is not cognizable and must be dismissed.

BACKGROUND

On May 21, 2013, a jury convicted petitioner Julius Lawson of: (1) attempting to rob a person having custody of mail matter, money, or property of the United States, in

violation of 18 U.S.C. § 2114(a); (2) using a firearm and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and (3) interfering with the performance of duties of an employee of the United States, in violation of 18 U.S.C. § 111(a)(1). On October 9, 2014, in the United States District Court for the Northern District of Indiana, Lawson was sentenced to a 144-month term of incarceration. *United States v. Lawson*, No. 1:13-cr-4-HAB-SLC (N.D. Ind.).

On January 19, 2016, the Court of Appeals for the Seventh Circuit affirmed his convictions and sentence, rejecting Lawson's arguments that: (1) he was entitled to a new trial with a modified jury instruction in light of the Supreme Court's decision in *Rosemund v. United States*, 572 U.S. 65, 134 S. Ct. 1240 (2014), holding that to sustain a conviction under § 924(c), a jury must find the accomplice had advance knowledge that a firearm would be used; (2) there was insufficient evidence for the jury to find that a firearm was used during the robbery attempt, and (3) he was entitled to a new trial because certain evidence was not disclosed in violation of *Brady*. *Lawson*, 810 F.3d at 1035. With respect to Lawson's *Rosemund* challenge in particular, Lawson argued that the jury instruction permitted the jury to convict him without finding that he knew a firearm would be used, but the Seventh Circuit found no plain error, pointing out that: when his confederate pulled out a gun, Lawson did not attempt to leave, the video footage of the attempt showed that Lawson did not hesitate at the sight of the gun, and *then* Lawson hopped over a counter to search for items to steal and later rejoined his partner and left. *Id.* at 1041. The court thus distinguished Lawson's circumstances from those before the Supreme Court in *Rosemund*:

> Nothing in Lawson's case indicates that the use of a firearm was an unplanned surprise like in *Rosemund*'s drug deal gone wrong or that Lawson only intended to participate in an unarmed robbery. Rather, the wearing of masks and his confederate's pulling of the firearm before Lawson attempted to take property was evidence of an armed robbery gone right, and the jury's conviction based on the evidence it heard confirms this assessment.

*Id.* at 1042.

After his unsuccessful appeal, Lawson filed a motion to vacate under 28 U.S.C. § 2255, raising the ground that his trial attorney rendered ineffective assistance in (1) failing to object to the jury instruction regarding the government's burden as to the § 2441(a) charge, and (2) failing to challenge the sufficiency of the evidence. The district court denied his motion on February 27, 2017, and the Seventh Circuit declined to certify his request to pursue an appeal. *United States v. Lawson*, No. 17-1540 (7th Cir. July 28, 2017). Lawson subsequently petitioned the Seventh Circuit twice for permission to file a successive § 2255 motion, which the Seventh Circuit denied. *Id.*, dkt. ##170, 174. Of relevance to his petition in *this* court, the Seventh Circuit denied Lawson's second petition, in which he sought leave to pursue a claim under *Rosemund* as follows:

> Lawson claims under *Rosemund v. United States*, 134 S. Ct. 1240 (2014), that his jury should have been (but was not) instructed that he must be acquitted if he lacked advance knowledge that his accomplice would use a gun. But *Rosemund* was available to Lawson when he filed his first § 2255 action in 2016. Thus, he cannot use § 2255(h)(2) to press a *Rosemund* claim now.

*Lawson v. United States*, No. 18-2317 (7th Cir. July 12, 2018).

OPINION

In this court, Lawson has filed a petition for habeas corpus relief under § 2241, citing *Rosemund* as his ground for relief, arguing that because *Rosemund* represents a new, retroactive statutory interpretation, and the Seventh Circuit overlooked "very important facts" during his direct appeal, he is entitled to resentencing and need not seek permission from the court of appeals to bring another § 2255 motion. Yet if a prisoner has filed one motion under 28 U.S.C. § 2255, he must obtain permission from the court of appeals before he may file a second or successive motion. 28 U.S.C. § 2255(h). Only under very limited certain circumstances, a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Seventh Circuit has established that three conditions must be present before a petitioner can proceed under § 2241 pursuant to the "inadequate or ineffective" exception. First, the petitioner must be relying on a new statutory-interpretation case -- rather than on a constitutional case -- because § 2255 offers relief to prisoners who rely on new constitutional cases. Second, the petitioner must be relying on a decision that is retroactive on collateral review and could not have been invoked in his previous § 2255 petition. Third, the error that the petitioner identifies must be grave enough to be deemed a miscarriage of justice. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

Lawson's circumstances fall far short of meeting these three requirements. He seeks relief under § 2241 on the ground that the Seventh Circuit committed grave errors in

4

resolving his direct appeal, and that that when he filed his § 2255 motion, the law was squarely against him. Yet the law was not squarely against him: he asks for relief under *Rosemund*, which was not only available to him post-trial, but specifically addressed by the Seventh Circuit on direct appeal. Indeed, the Seventh Circuit acknowledged as much in denying his request to pursue a *Rosemund* argument in a successive § 2255 motion. At bottom, Lawson wishes to re-litigate his *Rosemund* claim, but § 2241 may not be used as a vehicle to re-litigate issues lost on direct appeal. *Susinka v. Copenhaver*, 538 F. App'x 724, 724-25 (7th Cir. Nov. 4, 2013) (Mem) ("Because Susinka is actually attempting to relitigate a sentencing argument that he lost on direct appeal, we affirm the district court's denial of his petition."). Accordingly, Lawson's motion under § 2241 must be denied.

ORDER

IT IS ORDERED that the federal habeas corpus petition filed by Julius Lawson pursuant to 28 U.S.C. § 2241 is DENIED and this case is DISMISSED with prejudice. The clerk of court is directed to close this case.

Entered this 29th day of November, 2021.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge